Jorge EDUARDO VAZQUEZ, Plaintiff,

v.

MARYLAND PORT ADMINISTRATION, Defendant.

Civil Action No. MJG–94–460.

United States District Court, D. Maryland.

June 1, 1995.

Jorge Eduardo Vazquez, Pasadena, MD, Pro Se.

Donald Arnold Krach, Assistant Attorney General, Maryland Port Administration, Baltimore, MD, for Defendant.

## MEMORANDUM AND ORDER

GARBIS, District Judge.

The Court has before it the Motion for Summary Judgment of Defendant Maryland Port Authority. Having considered the materials submitted by the parties, the Court finds a hearing unnecessary to resolve the motion.

### I. BACKGROUND

On or about June 25, 1993, Plaintiff filed an Equal Employment Opportunity Commission (EEOC) charge against his employer, the Maryland Port Administration (MPA), alleging that he was denied educational training opportunities in retaliation for previous charges of discrimination and misconduct at the MPA.[1] According to Plaintiff, he later amended this charge to include an allegation of denied promotional opportunity.[2] After receiving a "right to sue" letter from the EEOC, Plaintiff initiated this lawsuit. In his civil action complaint, Plaintiff alleged that he was repeatedly denied training to which he was entitled, subjected to "malicious and libelous" treatment by his supervisors in retaliation for his advocacy of minority and employee rights, and denied equal opportunity on the bases of his race and national origin, all in violation of Title VII of the Civil Rights Act.[3]

Defendant has now filed a motion for summary judgment and argues that because Plaintiff has failed to raise genuine issues of material fact as to elements essential to his claims, Defendant is entitled to judgment as a matter of law.

Plaintiff responds to Defendant's motion by restating his conclusory allegations of discrimination and characterizing Defendant's evidence as incredible, unconvincing, and intentionally diversionary. Plaintiff also offers several unsupported allegations of misconduct within MPA management in an apparent attempt to undermine the general credibility of Defendant's evidence. Significantly, Plaintiff does not offer any evidence supporting his claims of discrimination. Nor does

---

1. According to Plaintiff's EEOC Charge of Discrimination,

    Retaliatory actions have been taken against me since I filed previous charges of discrimination. Since January 7, 1993 to April 29, 1993, I have been denied training.... I believe that I was Retaliated against in violation of Section 704(a) of the Civil Rights Act of 1964, as amended, with respect to denial of training. EEOC Charge 120–93–1597.

2. In a motion previously filed with the Court, Plaintiff stated that "[a] separate charge (denial of promotional opportunities) was filed shortly there after [sic] however the EEOC case worker elected to amend the current charge to include

the promotional denial that occurred on/about May 23, 1993." Pl.Mot. for Summ.Judg. at 3. Although Plaintiff provided no evidence of such an amendment, for the purposes of this Motion the Court will assume that such an amendment was made.

3. As stated previously, EEOC Charge 120–93–1597 was framed only in terms of "retaliation" discrimination. However, because the prior complaints constituting the basis of this alleged retaliation were brought for race and national origin discrimination, the Court will take these bases into consideration for purposes of this Motion.

Plaintiff present any facts seriously challenging the truthfulness of Defendant's evidence.

In short, Plaintiff has failed to meet his burden of providing evidence sufficient to raise a genuine issue of material fact as to the essential elements of his discrimination claims. Therefore, Defendant's Motion for Summary Judgment must be granted.

## II. *LEGAL STANDARD*

Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Miller v. FDIC*, 906 F.2d 972, 973 (4th Cir.1990). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court addressed in detail the analysis a court should use in considering a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure:

> In our view, the plain language of *Rule 56(c) mandates the entry of summary judgment,* after adequate time for discovery and upon motion, *against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.* In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added).

In evaluating whether a dispute about a material fact is "genuine," the court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. at 2505, 2510, 91 L.Ed.2d 202 (1986). Although for purposes of a motion for summary judgment "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," in an ordinary civil case, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 255, 252, 106 S.Ct. at 2513, 2512.

Finally, in evaluating any motion for summary judgment the court must bear in mind that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555 (citing Fed.R.Civ.P. 1).

Defendant contends that summary judgment is appropriate in this case because Plaintiff has failed to make a showing sufficient to establish the existence of elements essential to Plaintiff's case.

## III. *DISCUSSION*

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [his or her] compensation terms, conditions, or privileges of employment, because of such individual's race ... or national origin." 42 U.S.C. § 2000e–2(a). Title VII also prohibits an employer from discriminating against an employee "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." *Id.* at § 2000e–3(a).

Under the judicially-created proof scheme developed by the Supreme Court, in the absence of direct proof, a plaintiff asserting a disparate treatment claim under § 2000e–2(a) of Title VII must first make out a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To establish a *prima facie* case of disparate treatment on the basis of race or national origin, a plaintiff must show (1) that he is a member of a protected class; (2) that his conduct was comparable to that of another employee from outside the

protected class; and (3) that he was treated differently from the other employee. *White v. Federal Express Co.*, 729 F.Supp. 1536, 1554 (E.D.Va.1991).

■ To establish a *prima facie* case of reprisal discrimination under Title VII, a plaintiff must meet a slightly varied test. The employee must establish: (1) that he engaged in protected activity; (2) that the employer took adverse employment action against him; and (3) that a causal connection existed between the protected activity and the adverse action. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).

■ If a plaintiff succeeds in establishing a *prima facie* case in either of these contexts, a presumption of discrimination is raised and the burden shifts to the defendant to rebut that presumption by producing evidence that the plaintiff was rejected, or someone else was preferred, for legitimate, nondiscriminatory reasons. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. If the defendant carries this burden of production, the presumption raised by the *prima facie* case drops out, and the burden shifts back to the plaintiff to show that the adverse action would not have occurred "but for" the protected characteristic or conduct, not merely that discrimination or retaliation for protected activity was "in part" a reason for the adverse action. *Ross*, 759 F.2d at 365–66.

In Plaintiff's June 25, 1993 EEOC Charge, he alleged that MPA superiors discriminated and retaliated against him by denying him training, educational and promotional opportunities after he openly opposed certain employment practices and levied official charges of employment discrimination. Apart from conclusory allegations, however, Plaintiff has failed to establish essential elements of a *prima facie* case. Moreover, assuming *arguendo* that Plaintiff had raised a threshold presumption of discrimination, MPA has met its burden of proffering legitimate, non-discriminatory reasons for its actions. Finally, Plaintiff has failed to rebut Defendant's prof-

fered reasons by demonstrating that "but for" his filing of EEOC complaints, he would have been granted the training and promotional opportunities in question. In short, Plaintiff has not provided evidence sufficient to establish essential elements of his claims, elements for which he would bear the burden of proof at trial. Therefore, Defendant is entitled to judgment as a matter of law.

A. Denial of Training and Educational Opportunities

1. Disparate Treatment Claim

■ To establish a *prima facie* case for race or national origin discrimination with regard to his denied training requests, Plaintiff must show: (1) that he is a member of a protected class; (2) that he was satisfactorily performing his duties and applied for training related to his employment; (3) that he was denied that training despite being qualified, with "another" member not of his protected class receiving the training; and (4) that circumstantial or direct evidence exists from which a factfinder might reasonably find that the employer(s) intended to discriminate in denying the training.

Plaintiff, as an Hispanic of Puerto Rican descent, is clearly a member of a protected class. Plaintiff has failed to establish, however, (1) that the requested training was "related to" Plaintiff's duties, (2) that Plaintiff was "qualified" for such training or that another employee outside Plaintiff's protected class received such training, or (3) that MPA intentionally discriminated against Plaintiff.

By contrast, MPA has presented substantial evidence that the requested training was outside of Plaintiff's limited scope of duties.[4] MPA has also provided evidence that agency practice, policy and procedure dictate that determinations of applicant "qualification" and approval of training are discretionary matters within the limited authority of *department heads and management*, rather

---

4. Defendants have provided affidavits of several MPA officials describing the MPA's limited jurisdiction and Plaintiff's even more limited scope of duties. *See* Downing Aff. 2–3, Wroblewski Aff. 1–3, Stufft Aff. 1–5.

than the individual employee.[5] *See* Barna Aff. 1–2. Plaintiff has provided no evidence that any employee outside his protected class received training he was denied under similar circumstances [6], nor that any of his superiors denied him training opportunities on the bases of race or national origin.

■ Even assuming *arguendo* that Plaintiff could successfully raise a presumption of discrimination, MPA has satisfied its burden of production by providing legitimate non-discriminatory reasons for denying Plaintiff's training requests, such as a gubernatorial freeze on out-of-state travel and training, budgetary considerations, staffing and other operational requirements, availability of similar training in-house or through existing affiliations, other officers' training needs, and Plaintiff's own substantial training record. Far from incredible, these considerations are logical, practical, and necessary for effective business administration.

By proffering legitimate, non-discriminatory reasons for denying Plaintiff's training requests, MPA has met its burden of production; therefore, the burden shifts back to Plaintiff to prove by a preponderance of the evidence that MPA's explanations were mere pretexts for intentional discrimination.

■ As stated earlier, for Plaintiff to disprove a legitimate non-discriminatory explanation for adverse action, he must show that the adverse action would not have occurred "but for" the protected trait or conduct. With regard to intent, "[a] plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment ac-

tion." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir.1989), *citing Gairola v. Commonwealth of Virginia Dept. of General Services*, 753 F.2d 1281, 1288 (4th Cir.1985). Generalized testimony by an employee regarding his subjective belief that the adverse action was the result of discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, non-discriminatory reason for the action. *Williams*, 871 F.2d at 459.

Support for Plaintiff's discrimination claim consists mainly of generalized allegations and conclusory statements. Plaintiff has not provided any probative, factual evidence that race or national origin played *any* part in his denial of training, much less that the denials would not have occurred "but for" these factors.[7]

### 2. Retaliation Claim

Plaintiff has similarly failed to present evidence of reprisal discrimination with regard to the denied training requests. To establish a *prima facie* case for retaliation, Plaintiff must prove: (1) that he engaged in protected activity; (2) that his employer denied his training and educational requests; and (3) that a causal connection existed between the protected activity and the denied requests.

■ It is undisputed that the filing of an EEOC Charge constitutes protected activity, and that the MPA denied numerous training requests submitted by Plaintiff. Plaintiff has not supplied any admissible evidence, however, of a causal connection between the EEOC filing and the denied requests. Plaintiff has also failed to rebut the legitimate, non-discriminatory reasons for the request denials proffered by the MPA. Put simply, Plaintiff

---

**5.** In other words, Plaintiff's superiors, rather than Plaintiff, possess the sole authority to determine whether training "relates to" an applicant's duties and whether that applicant is "qualified" to attend.

**6.** Although Plaintiff does allege that a white female was granted approval to attend a local photography training program, and a white male was granted approval to attend a local crime prevention seminar, he has neither alleged that he was denied the same training, nor that these approvals were granted by the MPA under cir-

cumstances similar to those surrounding Plaintiff's request denials.

**7.** In an apparent attempt to support an inference of discrimination by the MPA, Plaintiff has supplied a statistical breakdown of personnel in the Maryland State Police and Maryland Department of Transportation Mass Transit Administration Police. Given that these agencies are entirely distinct from Defendant Maryland Port Administration, any inference that could possibly be raised by the data would have no bearing on Plaintiff's case.

has presented no evidence that his training requests were denied in retaliation for his filing of EEOC charges. Because Plaintiff has failed to make a sufficient showing establishing this essential element of his reprisal claim, Defendant is entitled to judgment as a matter of law.

### B. Denial of Promotional Opportunity

■ To set forth a *prima facie* case of promotion discrimination, Plaintiff must produce evidence indicating (1) he applied for and was qualified for a position for which the MPA was seeking applicants; (2) despite his qualifications, he was rejected; and (3) after his rejection, the position remained open and the MPA continued to seek applicants from persons of complainant's qualifications, filling the position with an individual from outside of the protected class. *McDonnell*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94 (1981).

■ Plaintiff alleges that he was denied promotion to the rank of lieutenant because of race, national origin and retaliation. According to Plaintiff, he was denied this promotion by the Promotional Interview Board (the "Board") on May 25, 1993, because of systemic prejudice and as a direct result of a May 20, 1993, performance evaluation prepared by Lt. Winterbottom in which he was identified as an "advocate of dissident [sic]" and given unjustifiably low performance ratings. Plaintiff further alleges that the one opening was subsequently manipulated to accommodate two unqualified white males.

The facts do not support Plaintiff's allegations. According to Mary Kay Barna, Manager of the MPA Human Resources Office, a promotional opportunity was available to all MPA Police Department sergeants between 1989 and 1993. The promotional selection board consisted entirely of non-MPA Police Department members and included three white females, one black male, and one white male. Contrary to Plaintiff's assertion that he was denied this opportunity in large part because of his inability to challenge the negative and retaliatory evaluation of Lt. Winterbottom, Ms. Barna has provided sworn evidence that as the individual in charge of providing the promotion Board with inter-

view materials, she has personal knowledge that the Board did not in fact see or know of any 1993/94 evaluations. Instead, the Board relied upon the candidates' 1991–92 Job Performance Evaluations, Board interviews, and the candidates' promotional potential.

In addition, while Plaintiff asserts that the two white male candidates eventually promoted were unqualified, personnel records indicate that Plaintiff was in fact rated the least qualified of all candidates in both composite and overall individual scoring. Although Plaintiff explains these low ratings as the obvious result of the Board and Command Staff's discriminatory, prejudicial and retaliatory predispositions, he fails to provide any facts which would support these allegations or seriously undermine the legitimacy of Defendants' decisions.

Plaintiff has thus failed to establish the essential threshold element for his claim of discriminatory failure to promote, i.e., that he was qualified for the position in question. Because he has not met this preliminary burden, Defendant is entitled to judgment as a matter of law.

### IV. CONCLUSION

Title VII prohibits an employer from discriminating against any individual because of race, national origin, or in retaliation for engagement in protected activity. Plaintiff alleges that his employer discriminatorily denied him training, educational, and promotional opportunities on the bases of his race and national origin, and in retaliation for his filing of an EEOC charge. Plaintiff has not, however, provided evidence sufficient to establish the essential elements of these claims. Because Plaintiff has not met this burden, Defendant is entitled to judgment as a matter of law.

For the foregoing reason:

1. Defendant's Motion for Summary Judgment is GRANTED.